IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMONITI THOMAS | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 10-2294 |

**MEMORANDUM**

**Padova, J.**                                                                                                         **May 31, 2011**

Plaintiff Comoniti Thomas, a prisoner in the custody of the Commonwealth of Pennsylvania, moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from our August 5, 2010 Order, which dismissed his Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, the Motion is denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint alleged the following facts. On August 12, 2008, Plaintiff, who was handcuffed, boarded a bus belonging to the Philadelphia City and County Sheriff's Department (the "Sheriff's Department") at the Criminal Justice Center at 1301 Filbert Street in Philadelphia.[1] A van, also belonging to the Sheriff's Department, was parked in front of the bus and was blocking the exit. Defendant John Doe, an employee of the Sheriff's Department, got into the van and began to back up. The van and the bus collided. Plaintiff was injured in the collision and was subsequently transported to Temple Hospital, where he received treatment and a prescription for pain medication. Thereafter, Plaintiff sometimes feared that he would be involved in another similar collision.

---

[1] The Complaint referred only to an unspecified "Sheriff's Department." We infer, from the other allegations of the Complaint, that Plaintiff was referring to the Philadelphia City and County Sheriff's Department.

The Complaint asserted claims pursuant to 42 U.S.C. § 1983 against John Doe, the Sheriff's Department, and the City of Philadelphia (the "City"). The Complaint alleged that John Doe's conduct violated Plaintiff's Fourteenth Amendment right to the substantive due process of law and his Eighth Amendment right to be free of cruel and unusual punishment. The Complaint also alleged, pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), that both the Sheriff's Department and the City caused the deprivation of Plaintiff's constitutional rights by adopting policies that permitted John Doe's conduct and by failing to properly train John Doe, and other Sheriff's Department employees, in connection with the transportation of prisoners.

In our August 5, 2010 Order granting Plaintiff's Application for Leave to Proceed in Forma Pauperis, we dismissed the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because "[n]egligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation" and "[t]he facts asserted in this complaint fail[ed] to indicate anything more than negligence."[2] (8/05/10 Order at 2 (citations omitted).)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

---

[2] In a June 9, 2010 Order denying Plaintiff's Application for Leave to Proceed in Forma Pauperis without prejudice to its re-assertion in accordance with the payment plan set out in that Order, we had informed Plaintiff that "[n]egligent conduct that causes unintended injury to an inmate does not amount to a constitutional violation" and we had encouraged Plaintiff to "note that the facts currently asserted in his Complaint fail[ed] to indicate anything more than negligence on the part of Defendants." (06/09/10 Order at 2 n.1.)

2

> been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (citation omitted). "[R]elief from a judgment under Rule 60(b) should be granted only in exceptional circumstances." Id. (citations omitted). Thus, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted).

Plaintiff seeks relief from our August 5, 2010 Order, which dismissed his Complaint pursuant to 28 U.S.C. 1915(e)(2)(B)(i). Because Plaintiff brought this civil action in forma pauperis, that provision required us to "dismiss the case" if we determined that the action was "frivolous." See 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915(e)(2)(B) using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) . . . is identical to the legal standard used when

ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

When ruling on a motion to dismiss under Rule 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986), cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

"'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976), and citing Fed. Rule Civ. P. 8(f)). "Pro se complaints, especially from civil rights plaintiffs, should be read liberally." Murray v. Allen, Civ. A. No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010) (citing Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004)). "Prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims." Id. (citing Alston, 363 F.3d at 233 n.6).

4

## III. DISCUSSION

Plaintiff moves for relief from our August 5, 2010 Order on the ground that the Complaint in this action made sufficient factual allegations to state plausible substantive due process and Eighth Amendment claims against all Defendants, and that we erred in concluding otherwise.[3] We first reiterate that "legal error, without more, cannot justify granting a Rule 60(b) motion." Smith, 853 F.2d at 158. (citations omitted). Nonetheless, we briefly set out the basis for our conclusion that Plaintiff's Complaint was frivolous.

Plaintiff brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[3]Plaintiff also states that he "inadvertently failed to invoke the pendent jurisdiction of this Court." (Pl. Mot. ¶ 1.) The implicit argument here appears to be that the Complaint was not frivolous insofar as it made factual allegations that were sufficient to state a claim under state law. However, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citations omitted). Our August 5, 2010 Order dismissed all federal claims contained in the Complaint. Accordingly, we were required to dismiss the pendent state claims, if any, in the absence of an affirmative justification for exercising jurisdiction over them. Plaintiff has identified no such affirmative justification here, and we are aware of none. Accordingly, we conclude that our dismissal of Plaintiff's state law claims, to the extent that the Complaint asserted such claims, was not error, and that Plaintiff's arguments to the contrary do not present the sort of "exceptional circumstances" necessary to justify relief under Rule 60(b). See Boughner, 572 F.2d at 977 (citations omitted).

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, a plaintiff must plausible allege that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Here, the Complaint alleged that Defendants deprived Plaintiff of his Fourteenth Amendment substantive due process rights and his Eighth Amendment rights. However, "'if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)); see also Albright v. Oliver, 510 U.S. 266, 272 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (footnote omitted). Accordingly, we analyze Plaintiff's claims solely under the Eighth Amendment.

6

"[T]o state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component." Gaston v. Balicki, Civ. A. No. 10-4316, 2011 WL 1833354, at *5 (D.N.J. May 12, 2011) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The objective component mandates that 'only those deprivations denying the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (alteration in original) (quoting Helling v. McKinney, 509 U.S. 25, 32 (1993)). "This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only 'extreme deprivations' are sufficient to make out an Eighth Amendment claim." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "The subjective component requires that the state actor have acted with 'deliberate indifference,' a state of mind equivalent to a reckless disregard of a known risk of harm." Gaston, 2011 WL 1833354, at *5 (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994), and citing Wilson, 501 U.S. at 303).

"We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000) (citing Wilson, 501 U.S. at 298). "If not, our inquiry is at an end." Id. When a prisoner asserts an Eighth Amendment claim based on a "failure to ensure his reasonable safety," this objective component of our analysis requires that the prisoner plausibly allege (1) that his injuries were "serious;" (2) that he was placed at risk despite "a sufficient likelihood that serious injury [would] result;" and (3) that the risks involved "violate contemporary standards of decency," in that "the risk complained of is one that society would refuse to tolerate." Betts, 621 F.3d at 256-58. Here, with respect to the seriousness of Plaintiff's injuries, the Complaint alleged that Plaintiff was "traumatized" by the

automobile collision; that he was transported to Temple Hospital, where he received "pain medication for back pain;" and that he suffered "trauma, physical pain, and anxiety." (Compl. ¶¶ 3, 5.) These allegations do not support the proposition that Plaintiff's injuries were "'extreme deprivations'" that denied Plaintiff "'the minimal civilized measure of life's necessities.'" See Gaston, 2011 WL 1833354, at *5 (quoting Hudson, 503 U.S. at 9, and Helling, 509 U.S. at 32). With respect to the apparent risk to Plaintiff, the factual allegations of the Complaint are that Plaintiff was handcuffed and placed on a bus; that the bus was parked; that a van blocked its exit; and that John Doe, an employee of the Sheriff's Department, decided to move the van. These allegations provide no support for the proposition that John Doe acted despite a substantial risk of serious harm to Plaintiff. See Betts, 621 F.3d at 258 (affirming summary judgment for prison officials on claim alleging that prison officials violated Eighth Amendment by allowing inmates at youth detention facility to play tackle football without protective equipment because no reasonable jury could find that "serious injury [wa]s a common or likely occurrence"). These allegations certainly do not indicate "that the risk complained of is one that society would refuse to tolerate." Id. Thus, the Complaint did not adequately allege any of the required elements of the objective component of an Eighth Amendment claim based on a failure to ensure an inmate's reasonable safety. Therefore, the Complaint did not plausibly allege a violation of Plaintiff's Eighth Amendment rights. See Fuentes, 206 F.3d at 344.

Because we may not analyze Plaintiff's claims under the rubric of substantive due process, Betts, 621 F.3d at 260 (citation omitted), and because the Complaint did not allege the violation of any other federal rights, the Complaint did not plausibly allege a violation of any federal right.

Accordingly, Plaintiff did not state a § 1983 claim upon which relief may be granted and the Complaint was, therefore, frivolous under § 1915(e)(2)(B)(i).  We conclude that our dismissal of Plaintiff's Eighth and Fourteenth Amendment claims was not error and that Plaintiff's arguments to the contrary do not present the sort of "exceptional circumstances" necessary to justify relief under Rule 60(b).  See Boughner, 572 F.2d at 977 (citations omitted).  Plaintiff's Motion is, therefore, denied.

An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova
_____
John R. Padova, J.